UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No.: 6:12-cr-00857-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Shirley Ann Rogers, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before this Court on Defendant's motion to alter judgment filed on July 10, 2014.[1] ECF No. 70. For the reasons stated herein, this Court denies Defendant's motion.

## Standard of Review

Plaintiff brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a district court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most

---

[1] A *pro se* prisoner's petition is deemed filed at the time that it is delivered to the prison mailroom to be forwarded to the district court. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988). In the current case, the earliest legible stamp on the envelope containing Plaintiff's letter is a stamp from Charleston, WV which states the date as July 10, 2014. ECF No. 70-1. Therefore, this Court will treat this motion as having been filed on July 10, 2014.

concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

Defendant pled guilty before this Court on February 26, 2013, to fraudulent use of access device, in violation of 18 U.S.C. § 1029(a)(5) ("Count 2"), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) ("Count 3").  ECF No. 51.  On July 2, 2013, this Court sentenced Defendant to a total term of 24 months imprisonment, consisting of time served on Count 2 and 24 months consecutive on Count 3, and three years supervised release, consisting of three years on Count 2 and one year on Count 3 running concurrently.  ECF No. 55.  On December 9, 2013, Defendant mailed a letter, interpreted by this Court as a motion seeking modification of her sentence, which this Court denied on December 20, 2013.  ECF Nos. 58 & 59.  On January 17, 2014, Defendant appealed this Court's December 9, 2013 Order denying her sentence modification to the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit affirmed in an opinion dated April 22, 2014.  ECF Nos. 61 & 68.  On July 10, 2014, Defendant mailed the current letter, interpreted by this Court as another motion to modify her sentence.  ECF No. 70.

## Discussion

Defendant moves this Court to order that she be allowed to "serve the last few month[s] [of her sentence] on home confine[ment]," and asserts that she is willing to wear an ankle monitor.  *Id.*  Defendant bases this motion on her need for neurological "medical treatment" and desire to "get some medicine."  *Id.*  In addition, Defendant suggests that her sister needs her help in taking care of their aging mother.  *Id.*

"The district court's authority to modify a sentence is limited and the law closely guards the finality of criminal sentences against judicial change of heart." *United States v. Blackshear*, 450 F. App'x 241, 242 (4th Cir. 2011) (per curiam) (quoting *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (internal quotation marks and brackets omitted)).  Under Section 3582(c) of Title 18 of the United States Code, a court may modify a previously imposed sentence for only three reasons: (1) upon motion of the Director of Bureau of Prisons in certain circumstances; (2) when expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) if the defendant's applicable sentencing range under the United States Sentencing Guidelines has subsequently been lowered by the Sentencing Commission.[2]  Rule 35(a) of the Federal Rules of Criminal Procedure states that "[w]ithin 14 days after sentencing, the court may correct a sentence that

---

[2] 18 U.S.C. § 3582(c) states that a court "may not modify a term of imprisonment once it has been imposed except that—"

  (1) in any case—
    (A)  the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
    (i) extraordinary and compelling reasons warrant such a reduction; or
    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
    (B)  the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
  (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Rule 35(b) of the Federal Rules of Criminal Procedure allows a district court to reduce a sentence upon the Government's motion if the defendant has provided "substantial assistance" to the Government. Fed. R. Crim. P. 35(b).

Neither the Bureau of Prisons nor the Government has moved for an additional reduction in Defendant's sentence at this time. Furthermore, Defendant does not claim that she is entitled to a reduction because her applicable sentencing range has been lowered by the Sentencing Commission subsequent to her sentencing date. Additionally, Defendant is not entitled to a modification of her sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure since the fourteen-day period for the Court to amend the sentence has passed. Accordingly, the Court lacks jurisdiction to modify Defendant's sentence. Furthermore, this Court is confident in the Bureau of Prisons ability to provide Defendant with the medical treatment she requires, and directs her attention to 18 U.S.C. § 2621(g)(1).[3]

**IT IS THEREFORE ORDERED** that Defendant's motion is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July  17 , 2014
Anderson, South Carolina

---

[3] "In order to ensure a minimum standard of health and habitability, the Bureau of Prisons should ensure that each prisoner in a community confinement facility has access to necessary medical care, mental health care, and medicine through partnerships with local health service providers and transition planning." 18 U.S.C. § 3621(g)(1).